IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 97-60068

Summary Calendar

WILLIAM J. COCKRELL; BILLY H.
COCKRELL; and CAROLYN V. COCKRELL;

Plaintiffs-Appellants,

versus

JOE CATES; MARK SORRELL; RONALD
TAYLOR; and OTHER UNKNOWN DEFENDANTS;
et al.

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
(2:96-CV-129-B-B)

July 15, 1997
Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The Cockrells appeal the grant of summary judgment against them on their civil conspiracy

and civil RICO claims. The Cockrells claim that the defendants conspired to institute and maintain

false actions of eminent domain and eviction against them on behalf of the City of Southaven,

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Mississippi. Defendants plead qualified immunity. After the Cockrells filed their Rule 7(a) Reply, the district court found no basis in the record to support the allegation that defendants' actions violated any clearly established constitutional right.

The Cockrells' argument that qualified immunity is not a defense to a civil RICO action is meritless. Under the doctrine of "qualified immunity," government officials are not subject to liability for the performance of their discretionary actions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *O'Neal v. Board of Nursing*, __ F.3d __, __ (5th Cir. 1997). We are aware of nothing in the RICO statute that would allow plaintiffs' artful pleading to prevent these defendants from asserting qualified immunity.

Creatively, the Cockrells also argue that the defendants (as officers of the City of Southaven) cannot assert qualified immunity because Southaven was not properly organized as a city under state law. The district court has already ruled on the matter of the City of Southaven's incorporation in a previous, related action involving the Cockrells. *Cockrell v. Memphis-Shelby County Airport Authority, et al.*, No. 2:95CV016-B-B, Memorandum Opinion at 4 (N.D. Miss. Jan. 11, 1996). That issue has been decided against the Cockrells and is *res judicata* to them here. Moreover, the City of Southaven has been recognized as an incorporated city by Mississippi's highest court.[1] *Matter of City of Horn Lake*, 630 So.2d 10 (Miss. 1993). Finally, the Cockrells cite no authority, and we are aware

---

[1] As part of their "rebuttal" brief, the Cockrells assert that "the entity known as the 'State of Mississippi' ceased to exist on December 19, 1990, . . . therefore the defendants . . . could not and can not raise a lawful defense claim of qualified immunity . . . ." Plaintiffs did not raise the argument in the court below. Even so, although the Supreme Court has stated that "[a] State, in the ordinary sense of the Constitution, is a political community of free citizens occupying a territory of defined boundaries . . .," *Texas v. White*, 7 Wallace 700, 74 U.S. 700, 721 (1868), the fact that Mississippi repealed Section 3 of its constitution in 1990 (entitled "Boundaries of the State") did not remove it from the United States. Its geographical boundaries remain defined.

of none, that would allow them to assert a technical defect in a city's incorporation procedures to invalidate the city officers' qualified immunity.

Finally, the Cockrells assert that defendant Ronald Taylor "lacks standing" to bring a motion for summary judgment because the district court entered default judgment against him. Although the docket sheet contains an entry entitled "CLERK'S ENTRY OF DEFAULT as to Ronald L. Taylor," on August 13, 1997, neither the district court's memorandum opinion nor its order enter judgment against defendant Taylor. In fact, the district court's order that "this cause is DISMISSED with prejudice" clearly presumes the entry of judgment for all the defendants. Given that defendants' answer to plaintiffs' complaint was properly filed on August 15, 1996, and is a part of this record, we find nothing to support the notion that the district court entered default judgment against Taylor; in any event, we treat its order dismissing the "cause" with prejudice as vacating any entry of default judgment and substituting judgment for all the defendants including Taylor.

The district court's order dismissing this cause with prejudice is AFFIRMED; the appellants' motion to strike appellees' addendum is DENIED as moot.